

# The Attorney General of Texas

February 8, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. MW-441

Re: Authority of justice court to dismiss citations which contain fatal errors

Dear Mr. Driscoll:

You have requested our opinion regarding the authority of a justice of the peace to dismiss traffic citations which contain fatal errors, such as an impossible date or the failure to set a date for the defendant to appear. We understand your inquiry to refer to dismissal prior to the filing of the citation.

Although article 45.17 of the Code of Criminal Procedure lists the requisites of a proper complaint, including the date of the offense, neither the Code of Criminal Procedure nor any other statutory provision allows for the dismissal of a traffic citation prior to its filing. Of course, since the Code of Criminal Procedure applies to any case in justice court "in which a fine may be assessed," article 4.15 of the Code of Criminal Procedure, the court may grant a motion to set aside the complaint by virtue of a defect therein. Code Crim. Proc. art. 28.04.

You also ask whether a proceeding under article 6701d, section 143A, V.T.C.S., need be entered on the docket of the justice of the peace court. Section 143A provides:

> Sec. 143A.  (a)  When a person is charged with a misdemeanor offense under this Act, other than a violation of Sections 50, 50A, or 51, committed while operating a motor vehicle, the court in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, he has successfully completed a defensive driver's course or other driving safety course approved by the court.
>
> (b)  When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court,

the court shall dismiss the charge against him. When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose.

Article 45.13 of the Code of Criminal Procedure requires each justice of the peace to "keep a docket in which he shall enter the proceedings in each trial had before him." Article 45.13 makes no exception for proceedings under section 143A. It is therefore our opinion that a justice of the peace is required to enter on his criminal docket all proceedings pursuant to article 6701d, section 143A, V.T.C.S.

## S U M M A R Y

A justice of the peace is not authorized to dismiss traffic citations prior to filing, but may afterward do so. A justice of the peace is required to enter on his criminal docket all proceedings pursuant to article 6701d, section 143A, V.T.C.S.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Barbara Lipscomb
Jim Moellinger
Bruce Youngblood